IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK MITCHELL,

      Plaintiff,

vs.                                      No. 09-cv-00890 MV/RLP

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

      Defendant.

## ORDER

The matter before the court in this social security appeal is Plaintiff's Motion to Supplement the Administrative Record with "the evidence of record from Plaintiff's second disability claim." (Docket No. 13, p. 7).

**I.    Administrative Proceedings**

Plaintiff filed an application for Social Security Disability Benefits and Supplemental Security Income on January 12, 2006, alleging that he became disabled on October 31, 2005. (Tr. 14). Plaintiff's claims were denied administratively, and by an administrative law judge ("ALJ" herein) following a hearing. (Tr. 27-36, 14-21). The ALJ's denial of Plaintiff's claim is dated August 16, 2007. (Tr. 21) Plaintiff appealed the denial of his claims to the Appeals Council. It does not appear that Plaintiff submitted additional medical evidence to the Appeals Council in connection with his initial application. (Tr. 9-10). Plaintiff filed a second application for benefits while the appeal of the denial of the first application was pending before the Appeals Council. Plaintiff was awarded benefits based on the second application in a letter dated December 28, 2008. The award letter states that Plaintiff was found disabled as of August 17, 2007, the day after the ALJ's denial of his initial claims. (Docket 13, Ex. 3). On July 30, 2009, the Appeals Council declined Plaintiff's request for

review of his initial claims.  The Notice of Appeals Council Action does not reference Plaintiff's subsequent claim and award of benefits (Tr. 6-8), and the administrative record in this case contains no records related the subsequent claim.

**II.     SSA-EM-99147**

On December 30, 1999 the Commissioner issued SSA-EM-99147 which addresses the procedure the Social Security Administration is to follow when a claimant, with an application for review pending before the Appeals Council, files a second application for benefits which is granted during the pendency of the initial claim.[1]  The following sections of SSA-EM-9147 are pertinent to the instant motion:

**SSA-EM-99147(B)(2)** New Procedure: Provides that following a favorable determination on a subsequent claim, the subsequent claim will be sent to the Appeals Council "to determine if it contains new and material evidence relating to the period that was before the ALJ on the prior claim."

**SSA-EM-99147(D)(4)**: Provides that in the processing of subsequent claims, "If the determination on the subsequent claim was favorable. . . (and after any discrepancy in onset date is corrected). . . the (Field Office) will send the folder to the AC for association and review of any new evidence."

**SSA-EM-99147 (I) (2)(b)** States:

> The fact that a subsequent application for disability benefits is allowed while a RR of a prior denial is pending before the AC may or may not affect the AC's action on the appeal.  Each case requires consideration of the individual facts it presents.
>
> Generally, the action the AC will take will depend on whether it decides the subsequent allowance presents new and material evidence that relates to the period

---

[1] SSA-EM-99147, titled "Processing Subsequent Claims: New Policy Announced" can be found at www.ssas.com/newclaim.htm.  It has been implemented through a variety of Program Operations Manual System provision such at SSA POMS DI 12045.027, 2001 WL 1932370; SSA POMS DI 20101.25, 2002 WL 1878621; and SSA POMS SI 04040.025, 2002 WL 1879213.

on or before the date of the ALJ decision and whether the AC agrees with subsequent allowance.

**SSA-EM-99147 (I) (2) ( c) (1)** provides that if the Appeals Council denies a Request for Review on the original claim:

> . . . the claim files will be retained in OAO for the period for which files are retained in the event the claimant files a civil action.
>
> **NOTE: The file for the subsequent claim is not part of the administrative record of the ALJ decision;** however, OAO[2] will retain the subsequent file for review if a civil action is filed."

 (emphasis added).

### III.   Positions of the Parties

Plaintiff asks this court to order Defendant to supplement the administrative record in this case with the file of the second claim for benefits. He does not allude to any evidentiary material that he submitted in connection with his second application, nor does he attach any such evidentiary material to his motion. It appears from statements in his Reply brief that Plaintiff may seek to supplement the record solely with internal documentation generated by Defendant in connection with the second claim.[3] Plaintiff argues that supplementation of the record is mandated by SSA-EM-99147.

Defendant contends that this court does not have the authority to order supplementation of the record before the District Court, citing to 42 U.S.C. §405(g)[4], that any supplementation of the

---

[2]Office of Appellate Operations.

[3]In his Reply brief, Plaintiff states: "... (S)ignificant evidence in any Social Security disability claim is generated by the agency, and by the state disability determination unit. That evidence is not provided to the claimant when it is developed. Thus there is no reason to expect an unrepresented claimant to have documents from his Social Security claim file." Docket 17, p. 3.

[4]"...As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained

record would have to be raised in a motion to remand made pursuant to §405(g), which requires Plaintiff to show "that there is new evidence which is material and that here is good cause for the failure to incorporate such evidence into the record in a prior proceeding," and that Plaintiff has failed to make that showing. Defendant further contends that SSA-EM-99147 does not require the Appeals Council to document that it has reviewed the subsequent claim to determine if it contains chronologically relevant, new and material evidence, and that Plaintiff has failed to submit any proof that the Appeals Council follow SSA-EM-99147.

**IV.   Discussion**

Plaintiff seeks an unusual remedy through this motion. The cases, reported and unreported, that have evaluated whether the Appeals Council complied with the duty imposed by SSA-EM-99147 to evaluate the evidence submitted with subsequent claims, have done so in the context of a motion to remand for additional proceedings pursuant to 42 U.S.C. §405(g). **Allen v. Commissioner of Social Security**, 561 F.3d 646, 650 (6th Cir. 2009); **Reichard v. Barnhart**, 285 F.Supp. 2d 728, 729 (S.D. W. Va. 2003); **Barrientoz v. Massinari**, 202 F.Supp. 2d 577, 578 (W.D. Tex. 2002); **Johnson v. Astrue**, 2008 WL 5083790 (D.N. Miss.); **Graham v. McMahon**, 2007 WL 2021893 (W.D. Va. 2007)**; DeWhitt v. Barnhart**, 2005 WL 2076259 (S.D. Tex.); **Martin v. Astrue**, 2008 WL 1913882 (S.D. W.Va.).

The reason for this procedure is based in the scope of this court's jurisdiction, which is limited to determining whether, based upon evaluation of the whole record, the factual findings of the Social Security Administration are supported by substantial evidence and whether the correct legal standards were applied. **Hargis v. Sullivan,** 945 F.2d 1482, 1486 (10th Cir. 1991). The district court may not

---

of are based. The court shall have power to enter, upon the pleadings and transcript of the records, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

reweigh the evidence or substitute its judgment for that of the agency. **See Kelley v. Chater**, 62 F.3d 335, 337 (10th Cir.1995). *Ipso facto*, it may not weigh the evidence in the first instance. If additional evidence was submitted in connection with Plaintiff's second application for benefits which was not considered by the Appeals Council, this court could not consider that evidence until after it had been considered by the Appeals Council. The subsequent decision itself, apart from any evidence supporting that decision, is not new evidence. **Allen v. Commissioner of Social Security**, 561 F.3d at 653.

Appeals Council is required to comply with the provisions of SSA-EM-99147. **Morton v. Ruiz**, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."). If Plaintiff can establish that additional evidentiary materials were submitted in connection with his second application and that the Appeals Council failed to consider them, he may move to have this matter remanded to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. §405(g). Supplementation of the record, however, is only permitted where medical records were in fact considered by the Appeals Council, but were not placed in the administrative record. **See Zevely v. Barnhart**, 94 Fed. Appx. 722, 2004 WL 693227 (10th Cir. 2004). Plaintiff has not shown that additional medical records were submitted to the Appeals Council.

**V.     Conclusion**

For the reasons stated above, Plaintiff's Motion to Supplement the Administrative Record (Docket No. 13) is **DENIED**.

_____
RICHARD L. PUGLISI
CHIEF UNITED STATES MAGISTRATE JUDGE